IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:21-cr-00004 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| TIMOTHY JAMES NEILL, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Indictment (Doc. No. 42, "Motion"). The Indictment (Doc. No. 21) is non-speaking and comprises two counts. Excluding its Forfeiture Allegation, the Indictment reads, in its entirety, as follows:

COUNT ONE

THE GRAND JURY CHARGES:

On or about December 11, 2020, in the Middle District of Tennessee, **TIMOTHY JAMES NEILL, JR.**, knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Sears Roebuck and Co. Inc., model 21 20 gauge shotgun, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

<u>COUNT TWO</u>

THE GRAND JURY FURTHER CHARGES:

On or about December 11, 2020, in the Middle District of Tennessee, **TIMOTHY JAMES NEILL, JR.**, knowingly received or possessed a firearm, a Sears Roebuck and Co. Inc., model 21 20 gauge shotgun, not registered to him in the National Firearms and Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

(Doc. No. 21 at 1-2).

In the Motion, Defendant does not challenge the sufficiency of the Indictment (in whole or in part) as contemplated by Fed. R. Crim. P. 12(b)(3)(B). He does not claim that the one or both counts of the Indictment fails to allege an offense, such that the Indictment should be dismissed under Rule 12(b)(3)(B), or that there is some other defect in the Indictment mandating the dismissal of either or both counts under Fed. R. Crim. P. 12(b)(3)(B)(i)-(iv). And the Court sees nothing at all amiss with the Indictment. Instead, Defendant challenges the sufficiency of the *evidence*. As Defendant summarizes the thrust of Motion:

> Because the evidence supporting constructive possession in this case is limited to the fact that Mr. Neill was found sleeping in a room at an acquaintance's house in which a firearm was found, there exists insufficient evidence for any rational finder of fact to conclude beyond a reasonable doubt that Mr. Neill had constructive possession of the firearm.
>
> In light of the facts produced by the Government's own discovery response, as a matter of law, the Defendant may not be found guilty of violating 18 U.S.C. § 922(g) and 26 U.S.C. §§ 5841, 5861(d) and 5871, and moves the Court to dismiss the Indictment accordingly.

(Doc. 42). To this, the Government responds in opposition, in pertinent part, as follows:

> The Defendant is asking the Court to address the sufficiency of the government's evidence prior to trial while casting it as an issue of law. In essence, the Defendant

> is seeking a summary judgment ruling based on the limited record before the Court. In moving for dismissal, the Defendant asks the Court to conclude, based on his interpretation of the facts which he claims are undisputed, that the Defendant cannot be found guilty of possessing the firearm in question in this case. To reach such a conclusion, the Court must examine the facts beyond those which are alleged in the Indictment. Contrary to Defendant's claims, the facts of this case are very much in dispute. . . . If the Court must weigh the evidence by looking beyond the facts alleged in the Indictment to determine whether the Defendant could be convicted of the two counts in the Indictment, then the Court must invade the province of the jury, the ultimate finder of fact. Assuming all of the facts alleged in the Indictment are true, which the Court must do, a jury could find the Defendant guilty of the offenses charged in the Indictment. Therefore, the Court should deny the Defendant's Motion to Dismiss the Indictment.

(Doc. No. 43 at 4-5). The Government's point here is quite obvious, quite strong, and quite obviously strong. It is axiomatic that it is the job of the jury to determine whether the evidence is sufficient to convict the defendant of charges properly alleged in an indictment. The undersigned declines to usurp the role of the jury by making this determination itself even if he subjectively believed that he had adequate information to make such determination authoritatively and credibly. But in fact, the undersigned does not have adequate information to do so; the information available to him is only whatever information Defendant has received in discovery and chosen to provide to the Court in support of the Motion. The undersigned cannot and does not conclude that he can tell, based on this information, the full scope of evidence that could be presented to the jury and whether it would be sufficient to support a jury verdict of guilty on either or both count(s).

As the Government notes, the Motion amounts to a criminal-case equivalent of a summary judgment motion as cognizable in a civil case. But the Federal Rules of Criminal Procedure simply do not prescribe any such kind of summary-judgment process. As one district court put it:

> The Federal Rules of Criminal Procedure contain no analog for summary judgment under rule 56 of the Federal Rules of Civil Procedure. *See United States v. China Star, Inc.*, 375 F.Supp.2d 1291, 1293 (D.N.M. 2005) (Browning, J.) ("Under Tenth Circuit law, the Court is not free to determine, like on a motion for summary judgment under the Federal Rules of Civil Procedure, whether a genuine

issue of material fact exists."). "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d at 1087. When testing an indictment's sufficiency before trial, an indictment's allegations are taken as true, and courts should not consider evidence outside of the indictment.

*United States v. DeLeon*, 287 F. Supp. 3d 1175, 1182 (D.N.M. 2017). And as the Eleventh Circuit likewise has explained:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.
>
> [*United States v. Critzer*, 951 F.3d 306 307 (11th Cir. 1992)]; *see also United States v. DeLaurentis,* 230 F.3d 659, 661 (3d Cir.2000); *United States v. Levin,* 973 F.2d 463, 471–72 (6th Cir.1992) (Martin, J., dissenting) (stating that a pre-trial examination of the evidence disregards the boundary that exists between the role of the grand jury and the role of the trial court). There is no dispute that the government properly indicted Salman for an alleged violation of § 922(g)(5)(A).
>
> Because [the defendant] was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. *See DeLaurentis,* 230 F.3d at 661. A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.

*United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). The Court concurs with this discussion and finds it directly on point and dispositive of the Motion. Defendant's argument here is ultimately quite simple: as he construes the evidence available to the Government, it is insufficient to support conviction on any counts, and thus the Indictment should be dismissed even in advance of trial. The Court refuses to arrogate to itself the determination of whether the evidence is sufficient, especially since the Court (and for that matter the parties) cannot possibly know what that evidence would be at trial. Moreover, the Court does not see where the Government has any

legal duty to disclose at this juncture what all evidence it believes it can present and how the evidence actually will shake out at trial; thus, the Court does not see how it can dismiss the Indictment on the grounds that the Government has failed to show that it has evidence sufficient for a reasonable jury to return a guilty verdict.

Admittedly, although the undersigned believes that the Sixth Circuit is squarely on board with the above-stated principles (from cases like *Salman* and *DeLeon*) as a general matter,[1] the Sixth Circuit recognizes what is essentially a limited exception to them,[2] and it is this exception upon which Defendant relies.[3] The Sixth Circuit's exception, first clearly recognized in *Levin*,

---

[1] Other courts in the Sixth Circuit have likewise adhered to these principles even in the aftermath of the decision in *Levin*. For example, one district court noted:

> [A] motion to dismiss the indictment is not "an opportunity to argue the sufficiency of the evidence." *United States v. Silvius,* No 1:12–cr–172, 2012 WL 5878841, at *2 (N.D. Ohio Nov.21, 2012). In fact, "[w]hen a pretrial motion raises questions of fact intertwined with issues involving the merits of the case ... a court should defer determination of that matter until trial." *Id.* Essentially, the Defendant requests that the Court weigh the evidence against him, which is similar to a summary judgment motion in a civil case. Weighing the evidence "invade[s] the province" of the jury, and the Court declines to do so in the instant matter.

*United States v. Jarrett*, No. 3:12-CR-144, 2013 WL 1117871, at *5 (E.D. Tenn. Jan. 18, 2013) (quoting *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976)), *report and recommendation adopted,* No. 3:12-CR-144, 2013 WL 1120061 (E.D. Tenn. Mar. 18, 2013). *See also United States v. Kelley*, No. 1:08-cr-51, 2008 WL 5517559, at *6 (E.D. Tenn. Oct. 24, 2009).

[2] The Court realizes that *Levin* indicates not that it is prescribing an exception to the above-stated (indisputable, in the undersigned's view) principles, but rather that it is announcing a stand-alone rule not in the nature of an exception to anything. But in substance that appears to be exactly what *Levin* did, and so for ease of reference the Court will refer to the rule of *Levin* that way.

[3] As the basis for his Motion, Defendant ultimately is relying in reality in *Levin* and its progeny, and not on any textually applicable provision of the Federal Rules of Criminal Procedure. But *Levin* is not easily grounded in the text of Rule 12 or indeed any other Rule (which appears to be part of the reason the decision was so heavily criticized both in Judge Martin's dissent and in cases specifically rejecting *Levin*). It is therefore not surprising that Defendant struggles to identify a particular rule of criminal procedure under which he brings his Motion. He specifically cites *Levin* for the proposition that pursuant to the exception, a motion to dismiss an indictment is appropriate

allows for what the Eleventh Circuit (disapprovingly but fairly) has called "a kind of criminal summary judgment procedure." *Salman*, 378 F.3d at 1268-69. This exception, which *Salman* (consistent with the views of several other circuits) specifically rejected, *id.*, is not easily summarized. But from a distillation of several pages of *Levin*, it appears that it allows a district court to decide that as a matter of law, the defendant's conduct, did not constitute the criminal violation(s) alleged in the indictment, provided that: (a) the district court's decision is based on undisputed extrinsic evidence and undisputed operative facts; and (b) the trial court's conclusions do not invade the province of the ultimate finder of fact. *Levin*, 973 F.2d at 465-67.[4]

The exception did offer Defendant a potential path here that would not have existed in at least some other circuits.[5] But ultimately the path leads nowhere. The exception does not apply because there is no basis for the Court to conclude either that the *evidence* is undisputed—

---

"[u]nder Fed. R. Crim. P. 12(b)(3)." (Doc. No. 42 at 6). But *Levin* does not ground its exception in Rule 12(b)(3), a provision never mentioned in the majority opinion in *Levin,* which instead mentions Rule 12 generally, Rule 12(b) generally, Rule 12(b)(1), Rule 12(e), and Rule 12(g) before ultimately not identifying exactly which, if any, of these provisions is (are) the one(s) under which the exception is properly raised in a defendant's motion.

[4] Defendant defines the exception as follows: "[A] motion to dismiss an indictment is appropriate if the undisputed facts establish that the offense charged cannot be proven as a matter of law." (Doc. No. 42 at 6 (citing *Levin*, 973 F.2d at 470)). Defendant's definition is slightly less detailed, but consistent with, the Court's definition.

[5] For example, *Levin* provides Defendant with a solid answer to the Government's complaint—which would be received sympathetically in at least some other circuits—that "Defendant is asking the Court to address the sufficiency of the [G]overnment's evidence prior to trial while casting it as an issue of law." (Doc. No. 43 at 4). The answer in the Sixth Circuit is that, for better or for worse, *Levin* suggests in several places that whether the Government's evidence is sufficient for conviction is—in this context at least—to be treated as a question of law. So Defendant can colorably claim that in raising this question via the Motion, he is indeed raising a question of law. Notably, in the view of the Eleventh Circuit, it is irrelevant whether the question is one of fact or law because "there is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law." *Salman* at 378 F.3d at1268 n.5

inasmuch as, for example, it seems quite clear that the Government disputes, as it is entitled to, the key testimony expected from Defendant's now fiancé, Misty Williams—or that the facts are undisputed. Regarding the latter point, it is quite clear that the key overarching question of fact (whether Defendant had constructive or, perhaps less likely, actual possession of the shotgun)[6] is hotly disputed. In addition, significant facts that bear on that overarching fact are likewise disputed. For example, the precise location of the shotgun when it was found by the officers—obviously a potentially important fact bearing on whether Defendant at least constructively possessed the shotgun—is hotly disputed, as even Defendant admits. (Doc. No. 42 at 7).

Additionally, the exception is inapplicable because by deciding these questions now (prematurely and based on an incomplete record, no less), the Court would indeed be invading the (fact-finding) province of the jury.

## **CONCLUSION**

In light of *Levin*, Defendant has a leg to stand on here that he would not have in some other Circuits. But ultimately, his argument does not stand up. The prevailing (and sound) general rule is that the Court should not usurp the proper function of the jury by deciding factual disputes in advance of a criminal trial, and *Levin*'s exception to the rule is inapplicable here. So the Court could not in any event dismiss the Indictment, as the Motion requests, based on the Court's view of the current record that the evidence is insufficient to support conviction of the crimes charged in the Indictment.

Accordingly, the Motion (Doc. No. 42) is hereby **DENIED**.

---

[6] As this question is indisputably reserved for the jury, it is clearly characterized appropriately as one of fact. *Cf. United States v. Jones*, 108 F.3d 341 (10th Cir. 1997) (Whether [the defendant] possessed a firearm within the meaning of § 2D1.1(b)(1) is a question of fact.").

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE